(19 Misc. Rep. 280.)

PEOPLE ex rel. TROY v. PETTIT.

(Supreme Court, Special Term, Erie County. January, 1897.)

WITNESSES—FEES—DETENTION OF WITNESS FOR PEOPLE.

Code Cr. Proc. § 215, authorizes an examining magistrate to require a witness for the people to give "a written undertaking" that "he" will forfeit a certain sum if he fails to appear at the trial. Section 216 provides for the requirement, from a witness believed to be an accomplice, of an undertaking "with such sureties" as are deemed proper. Section 218 provides for commitment on failure to give an undertaking, "with or without sureties," as required. *Held,* that the commitment of a witness, not believed to be an accomplice, for failure to give an undertaking, "with sureties," was unauthorized, and therefore the witness was not entitled to witness fees for the time of his detention.

Application by John Troy for a peremptory writ of mandamus commanding Samuel H. Pettit, as clerk of Niagara county, to issue to relator a certificate for witness fees. Denied.

Morris Cohn, Jr., for relator.
John H. Leggett, for respondent.

LAUGHLIN, J. The affidavits and stipulation of the attorneys for the parties hereto show that on the 10th day of December, 1895, one William Smith was arraigned before the acting police justice of the city of Niagara Falls on the charge of murder in the first degree, waived examination, and was held for appearance before the grand jury of the court of sessions. At the same time the relator was required by said magistrate to give an undertaking with two sureties for his appearance at said court of sessions. He was unable to give the undertaking, and in default thereof was committed by the magistrate to the county jail of Niagara county until he should give the same or be discharged according to law. He was thereafter taken before the grand jury as a witness, and after an indictment found was examined on the trial, and on the 5th day of May, 1896, at the close of the trial, discharged, and an allowance of $10 was then made to him for witness' fees by order of the court. He presented an affidavit to the clerk of the court, pursuant to the provisions of section 616 of the Code of Criminal Procedure, and demanded a certificate of the clerk, stating that he had attended upon the court during the entire time of his confinement in the county jail, a period of 148 days, for the purpose of enabling him to obtain witness' fees at the rate of 50 cents a day during said time from the county treasurer, pursuant to the provisions of said section, which are as follows:

"A witness in behalf of the people in a criminal action in a court of record is entitled to the same fees and mileage as a witness in a civil action in the same court, payable by the county treasurer of the county upon the certificate of the clerk of the court, stating the number of days the witness actually attended and the number of miles traveled by him in order to attend. Such certificate shall only be issued by the clerk upon the production of the affidavit of the witness, stating that he attended as such either on subpœna or request of the district attorney, the number of miles necessarily traveled and the duration of attendance."

The only authority of the magistrate to require the relator to give an undertaking is contained in section 215 of the Code of Criminal

Procedure, which provides that, "on holding the defendant to answer, the magistrate may take from each of the material witnesses examined before him on the part of the people, a written undertaking, to the effect that he will appear and testify at the court to which the depositions and statement are to be sent, or that he will forfeit the sum of $100."

Section 216 of the same Code provides that, where the magistrate is satisfied by proof that there is reason to believe that the witness is an accomplice in the commission of the crime charged, he may require a written undertaking "with such sureties, and in such sum, as he may deem proper for his appearance as specified in the last section." Section 218 provides: "If a witness required to enter into an undertaking to appear and testify, either with or without sureties, refuse compliance with the order for that purpose, the magistrate must commit him to prison until he comply or be legally discharged." The allowance made by the court at the close of the trial awarded the relator all witness' fees to which he was entitled under section 616 of the Code of Criminal Procedure. Section 3318 of the Code of Civil Procedure, which regulates the fees allowed to witnesses in civil cases, only authorizes the per diem allowance for actual attendance upon the court. During most of the time that the relator was confined neither the court of sessions nor the supreme court, in which the trial was had, was in session. I am further of the opinion that had the relator offered to enter into a written undertaking pursuant to section 215 of the Code of Criminal Procedure, without sureties, it would have been the duty of the magistrate to have accepted the same without committing him to the county jail. The section does not expressly authorize the magistrate to require sureties; and in a matter affecting the liberty of a law-abiding citizen, who, through no fault of his own, has become a material witness on a criminal prosecution, no authority should be implied by which a magistrate may require him to execute a written undertaking, with such number of sureties as the magistrate may arbitrarily specify, or stand committed to prison. I am of the opinion that the relator could at any time have obtained his release on a writ of habeas corpus. It not having been shown that the respondent has failed to perform any statutory duty which he owes to the relator, the motion for a writ of mandamus is denied, but without costs.

Motion denied, without costs.